MCKNIGHT v. GARRISON.

5-177 261 S. W. 2d 794

Opinion delivered November 2, 1953.

*Rieves & Smith,* for appellant.

*J. H. Spears,* for appellee.

GRIFFIN SMITH, Chief Justice. Ray L. Garrison operates a ready-mix concrete plant at West Memphis. J. A. McKnight owns a gin at Crawfordsville and is engaged in related plantation enterprises. Prior to January 9, 1952, McKnight ordered from Garrison an unascertained quantity of ready-mix, the general plan being that the amount delivered would be what McKnight could use in a day. The controversy, however, relates to the second load. McKnight's foreman, James R. Crawford, testified that the concrete was being used to build or repair the scale deck where cotton was weighed. This, said Crawford, is the floor of the truck scale. Repair work was in the open.

Before the first truck was unloaded rain began falling, interfering materially with the work. Crawford told the driver not to bring the second load "until it stopped raining". It is not disputed that this message was delivered to an authorized representative of Garrison; but it is likewise undisputed that rain was not falling in West Memphis when the second load was dispatched shortly before noon. When this consignment reached Crawfordsville the downpour had reached such proportions that Crawford thought the concrete would be ruined if it should be unloaded. Crawford testified that he "went to town" (that is, to Crawfordsville) and telephoned Garrison, who told him to look at the delivery boy's ticket and keep him about two hours from the time he left the [West Memphis] plant, then allow 35 or 40 minutes for the driver to return; if it had not stopped raining then, the boy was to be sent back to the ready-mix plant. Garrison testified that he did not remember this conversation.

From this course of conduct McKnight insists that Garrison continued to exercise dominion over the truck and its content and in the circumstances there could be no tender of delivery. Garrison's position is that the message sent by McKnight's representative was literally complied with. It was not raining at the plant when the second load was dispatched. Crawfordsville is but eleven or twelve miles from West Memphis, and the seller had a right to assume that the same conditions prevailed at each place. The ready-mix is designed for use within a few hours after it is prepared, otherwise it solidifies in the container and causes damage.

When the load was returned to West Memphis following McKnight's rejection, Garrison made use of about half of the mix, thus reducing loss to that extent. The bill sent Knight amounted to $51.21, including sales tax. Other amounts owed by McKnight were set out in the complaint, bringing the total to $478.75. All of this indebtedness except the item of $51.21 was tendered when the trial began. Judgment was rendered for the full amount, with interest from January 13, 1953. Appellant thinks that interest should not accrue after the tender in open court. On this question the testimony is not sufficiently abstracted to show error.

We think, also, that after receiving the message relating to rain Garrison had a right to assume that with cessation in West Memphis the way was clear for delivery at Crawfordsville. McKnight's foreman testified that there was no telephone at the gin, and this, to some extent, impaired the seller's opportunity to ascertain whether the condition prevailing in West Memphis also existed at Crawfordsville.

The issue is one of fact and we are not able to say that the court, acting without a jury, was not sustained by substantial evidence.

Affirmed.